**IN THE COURT OF APPEALS OF TENNESSEE**

**EASTERN SECTION AT KNOXVILLE**

FILED

**March 1, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| ROBERT JOHN WILLIAMS, | ) | |
| | ) | BLOUNT CIRCUIT |
| Plaintiff/Appellee | ) | |
| v. | ) | NO. 03A01-9511-CV-00400 |
| | ) | |
| MARY ELIZABETH (WILLIAMS) | ) | |
| EVANS, | ) | |
| | ) | REVERSED and |
| Defendant/Appellant | ) | REMANDED |

Judy Winegar Goans, Clinton, Attorney for the Appellant

Mark Silvey, Knoxville, Attorney for the Appellee

**O P I N I O N**

INMAN, Senior Judge

The appellant sought an award of attorney fees of $31,205.48 and filed an affidavit in explanation of the hours her attorney had expended in this case, which involved the custody and support of one child.

The appellee made no response other than filing a proposed finding of fact pursuant to invitation extended.

The trial judge awarded a fee of $1,250.00, stating:

> Counsel for the Respondent has charged her client $31,205.48 for fees and expenses in connection with her representation in this matter. At an hourly rate of $100.00 per hour, these charges constitute 301.4 hours of time devoted to the case by the attorney. The Court is of the opinion and finds that charges totaling $31,205.48 are exorbitant and do not conform to the usual and ordinary time devoted to like cases by the vast majority of the attorneys who practice at this bar. The Court specifically finds that such charges do not constitute reasonable fees incurred in any suit or action concerning the adjudication of the custody or the change of custody of any child.

The appellant complains of the meagerness of the fee, alleging that it was necessarily arbitrative.

TENN. CODE ANN. § 36-5-103(c) provides for the recovery by the plaintiff spouse of reasonable attorney fees in the discretion of the Court. In *Connors v. Connors,* 594 S.W.2d 672 (Tenn. 1981), the Supreme Court determined that appropriate factors to be considered in fixing the amount of attorney fees were: (1)

the time devoted to performing the legal service; (2) the time limitations imposed by the circumstances; (3) the novelty and difficulty of the questions presented and the requisite skill required; (4) the fee customarily charged in the locality for similar services; the amount involved and the results obtained; (6) the experience, reputation and ability of the lawyer performing the legal service. See also SUPREME COURT RULE 38, CODE OF PROFESSIONAL CONDUCT.

The appellant argues that the trial court's holding that the charges of her attorney "do not conform to the usual and ordinary time devoted to like cases by the vast majority of the attorneys who practice at this bar," has no support in the record. We agree. The appellee did nothing; he made no response; he filed no countervailing affidavits; he offered no contrary evidence. Courts are fueled by evidence, not by philosophy.

This is not to say that the trial judge was bound by the affidavit of the appellant's attorney as to the issue of the reasonableness of the fee requested. Quite the contrary, the trial judge is obviously bound to determine the reasonableness of the requested fee. The fact that the appellant and her attorney agreed upon an hourly rate of $100.00 and that 301 hours were reasonably expended on the case is not binding on this Court. We recognize that a fully developed record of the nature and quantities of the service rendered is not a prerequisite to an award of attorney fees. *Kahn v. Kahn,* 756 S.W.2d 685 (Tenn. 1980), but a trial judge should not be cast in the position of seeming arbitrariness. We are unable to ascertain on what basis the award of $1,250.00 was made; neither are we able to determine whether the appellant was afforded a fair opportunity to explain and enlarge upon the affidavit presented. As we have noted, the appellee filed no countervailing affidavits, and no hearing was had on the issue of fees. The issue of reasonableness should abide the reception of evidence, and the judgment is accordingly reversed and the case remanded for trial of the issue. If the arguments presented in appellee's brief were in evidentiary form, the trial judge would have had at least some basis for his decision. *Sherrod v. Wix,* 849 S.W.2d 780 (Tenn. App. 1992). Costs are assessed to the appellee.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Herschel P. Franks, Judge



_____
Charles D. Susano, Jr., Judge


**IN THE COURT OF APPEALS OF TENNESSEE
EASTERN SECTION AT KNOXVILLE**


ROBERT JOHN WILLIAMS,                )
                                                             )        BLOUNT CIRCUIT
            Plaintiff/Appellee             )
v.                                                        )        NO. 03A01-9511-CV-00400

3

MARY ELIZABETH (WILLIAMS) EVANS,

)
)
)
)
)
)

Defendant/Appellant

REVERSED and
REMANDED

**J U D G M E N T**

This appeal came on to be heard upon the record from the Circuit Court of Blount County and briefs filed on behalf of the respective parties. Upon consideration thereof, this court is of the opinion that there is reversible error in the trial court's judgment.

It is therefore, ORDERED and ADJUDGED by this Court that the judgment of the trial court is reversed. Costs are assessed to the appellee and its surety. The case is remanded to the Circuit Court of Blount County for further proceedings in accordance with the opinion of this Court and for collection of costs pursuant to applicable law.

PER CURIAM